865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danny MESSENGER, Plaintiff-Appellant,
v.
UNITED STATES of America; Charles E. Danberry, Defendants-Appellees.
 No. 88-3977.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1988.
Decided: Dec. 12, 1988.
 
 George Albert Daugherty (Suzanne W. Daugherty, Daugherty & Tantlinger, on brief), for appellant.
 Gary Edward Pullin, Assistant United States Attorney (Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney, on brief), for appellees.
 Before K.K. HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and JACKSON L. KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Danny Messenger appeals from a district court order granting judgment for the defendants, the United States government, and its agent, Charles Danberry, and awarding the United States $1,232.83 on its counterclaim. We affirm.
 
 
 2
 * In this Federal Tort Claim Act action, Messenger charged Charles Danberry, a federal government employee, with negligent operation of a government vehicle when he executed a left turn while Messenger was attempting to pass him on a motorcycle. Messenger's motorcycle collided with Danberry's car, and Messenger was thrown from the bike and injured.
 
 
 3
 Conflicting evidence was presented at the bench trial concerning both Messenger's and Danberry's actions before the collision. There was conflicting testimony about when Messenger entered the passing lane, the amount of time Messenger was in the passing lane, the speed of Danberry's car, whether Danberry slowed to allow oncoming traffic to pass before turning, and which vehicle struck the other. Messenger testified that he sounded his horn, as required by West Virginia law, before passing Danberry and that he did not see Danberry flash his left turn signal. Danberry testified that he flashed his left turn signal the proper distance before turning and that he did not hear Messenger sound his horn or see him in the passing lane until he had begun to execute his turn. Both sides produced corroborating witnesses. The case hinged largely on the credibility of the witnesses.
 
 II
 
 4
 West Virginia is a modified comparative negligence jurisdiction and the trier of fact must assign a percentage of negligence to each party. See Bradley v. Appalachian Power Co., 256 S.E.2d 879, 885-86 (W.Va.1979). Messenger assigns error to the district court's finding that Danberry was guilty of zero percent negligence.* Specifically, Messenger argues that since Danberry failed to see Messenger when he looked, he must not have looked effectively as required by Adkins v. Minton, 151 S.E.2d 295 (W.Va.1966). Messenger reasons that since Danberry did not look effectively he was negligent as a matter of law and his negligence proximately caused the collision.
 
 
 5
 The determination of negligence is a factual question and it is within the province of the trier of fact to resolve conflicting evidence in order to make the determination. A trial court's factual findings are presumptively correct and an appellate court may not set them aside unless they are clearly erroneous. Crowe v. Cherokee Wonderland, Inc., 379 F.2d 51, 53 (4th Cir.1967); Fed.R.Civ.P. 52(a).
 
 
 6
 The district court found that Messenger entered the passing lane without giving an audible signal as required by law, that he failed to look at Danberry's car to determine whether he had flashed his left turn signal, and that he made no effort to decelerate when Danberry entered into the turn. The parties stipulated that a traffic report prepared by the sheriff's department was admissible. The report noted Messenger's failure to maintain control and his improper passing. The report noted no improper driving by Danberry. The district court found that Danberry complied with all traffic laws concerning the execution of a left turn. The court held that Danberry was not negligent and that Messenger's negligence was the proximate cause of the accident.
 
 
 7
 The district court's findings are not clearly erroneous, and it committed no error of law. We affirm the district court's judgment.
 
 
 8
 AFFIRMED.
 
 
 9
 K.K. HALL, Circuit Judge, concurring in part and dissenting in part:
 
 
 10
 I fully concur with the majority that the trial court's finding that Messenger's negligence was the proximate cause of this accident should be affirmed. However, I must dissent in part because neither the trial court nor the majority fully appreciates the trier of fact's role in the comparative negligence jurisprudence of West Virginia.
 
 
 11
 The majority correctly notes that in West Virginia, a party may recover damages in tort "so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties in the accident." Bradley v. Appalachian Power Co., 256 S.E.2d 879, 885 (1979). However, once the trier of fact determines that a party was over fifty percent at fault in the accident, its job is not over:
 
 
 12
 The jury should be required by general verdict to state the total or gross amount of damages of each party whom they find entitled to a recovery, and by special interrogatory the percentage of fault or contributory negligence, if any, attributable to each party. After the verdicts have been accepted, the trial court will calculate the net amount by deducting the party's percentage of fault from his gross award.
 
 
 13
 Id. at 885-86.
 
 
 14
 A review of the holding of the district court demonstrates that this procedure was not followed. The trial court held that Messenger was the proximate cause of the accident and that "even assuming some negligence on the part of the defendant, plaintiff's negligence was in excess of the combined negligence of the other parties to the accident." The court then awarded the government the full amount of its counterclaim, $1,232.83 plus interest and costs.
 
 
 15
 The fact that Messenger's negligence "was in excess" of Danberry's does not, under Bradley, automatically mean that the government should receive the full amount of its counterclaim. The full amount of the counterclaim should have been awarded only if the trier of fact found that Messenger was one hundred percent at fault in this accident. This it did not do.
 
 
 16
 Apparently, the majority is willing to assume that Messenger was completely at fault in this accident, and that the government is entitled to all of its damages. However, it is not this Court's place to make such an assumption. In West Virginia, the trier of fact makes this determination. Therefore, I would remand the case to the trial court for it to determine the percentages of fault of the parties and, if necessary, to reduce the government's recovery commensurate with its degree of fault.
 
 
 
 *
 The trial court expressly held that Danberry was not negligent but later said that even if Danberry were negligent, Messenger's negligence exceeded "the combined negligence of the other parties." This language apparently was a reference to Bradley v. Appalachian Power Co., 256 S.E.2d 879 (W.Va.1979), the case in which West Virginia judicially adopted comparative negligence. The court enunciated the comparative negligence rule as follows: A party may recover even though his negligence proximately contributed to his injury provided his negligence does not equal or exceed the combined negligence of the other parties involved in the accident. 256 S.E.2d at 885. This form of modified comparative negligence allows a plaintiff to recover if his negligence is not as great as the defendant's. If his negligence is greater than the defendant's he may not recover. See Symposium on Bradley v. Appalachian Power Co.--West Virginia Adopts Comparative Negligence, 82 W.Va.L.Rev. 473, 479-87 (1980)